Krista R. Hemming, SBN 304213
THE HEMMING FIRM
419 Main Street, Suite 262
Huntington Beach, CA 92648
Tel: (949) 903 - 7650
Fax: (949) 258 - 5963
E-mail: thehemmingfirm@gmail.com

Attorney for Plaintiffs
FELIPE HERNANDEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE HERNANDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JOHN MCMAHON, in his capacity as San Bernardino County Sheriff; LUCAS GAYTAN; DOES 1-10, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino, California,<br><br>  Defendants. | Case No.: 20-cv-01144-JGB-SP<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES BASED ON:**<br><br>1) **VIOLATION OF FOURTH AMENDMENT – 42 U.S.C. § 1983 (Seizure)**<br>2) **VIOLATION OF FIRST AMENDMENT – 42 U.S.C. § 1983 (Free Speech)**<br>3) **FALSE ARREST**<br>4) **VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM**<br>5) **VIOLATION OF Cal. Civ. Code § 52.1 – BANE ACT**<br><br>**JURY TRIAL DEMANDED** |

Now comes Plaintiff FELIPE HERNANDEZ, by and through Counsel, and moves the Court for entry of judgement in their favor against defendants and in support of such Complaint states the following:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. The United States District Court for the Central District of California has jurisdiction over this action pursuant to:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil action arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. § 1343, which gives district court's original jurisdiction over action to secure civil rights extended by the United States government;

    c. 28 U.S.C. § 1367(a), which gives district court's supplemental jurisdiction to hear pendant State tort claims arising under State law.

3. Plaintiff has complied with all conditions precedent by to this action pursuant to the requirements of Cal. Gov't Code §§ 910, 911.2, respective to all claims against the SAN BERNARDINO COUNTY.

4. The incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, therefore venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2)

## **PARTIES**

5. Plaintiff FELIPE HERNANDEZ (hereinafter "Mr. Hernandez" and/or "plaintiff") is a natural person, who, at all times complained of in this action, is a resident of San Bernardino County, State of California.

6. Defendant, SAN BERNARDINO COUNTY (hereinafter "COUNTY"), is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the County of San Bernardino Sheriff's Department, and its tactics, methods,

practices, customs and usage. At all relevant times, the COUNTY was the employer Defendants GAYTAN, and DOES 1-10 who were San Bernardino County Sheriff's deputies, police officers, managerial, supervisorial, and policymaking employees of County of San Bernardino Sheriff's Department.

7. Defendant Sheriff's Deputy LUCAS GAYTAN (hereinafter, "GAYTAN"), is, and at all times complained of herein, was a Sheriff's Deputy for the Defendant COUNTY, acting as an individual person under the color of state law. Defendant GAYTAN was acting in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

8. Defendants DOES 1-10 are persons whose identities are unknown but who is, and at all times complained of herein, was Sheriff's Deputies for the Defendant COUNTY, acting as an individual person under the color of state law. Defendants DOES were acting in their individual capacity and were acting in the course of and within the scope of their employment with defendant COUNTY. DOES 1-10 are sued under a fictitious name and the true identities of DOES 1-10 shall be inserted into the complaint via amendment as their identities become known to Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff Mr. Hernandez is a citizen journalist.

10. Mr. Hernandez runs and generate content for a YouTube channel titled: High Desert Community Watch News Network.

11. This channel contains videos taken by Mr. Hernandez of law enforcement, and other government officials while engaging in their duties while in the public view. The purpose of this

channel is to promote accountability among government officials and to expose misconduct and unlawful behavior.

12. Mr. Hernandez would regularly record and film law enforcement officers while performing their duties such as traffic stops, arrests, and generally interactions with law enforcement personnel and citizens.

13. There is a clearly established First Amendment right to photograph or make an audio or video recording of public officials in public places, while performing their official duties.

14. California legislators have expressly exempted a person who is only taking photographs or making an audio or video recording of a public/peace officer from being liable under PC 148. *See* Cal. Penal Code § 148(g).

15. On or about June 2, 2018, Mr. Hernandez, along with two other individuals, were filming a traffic stop in the parking lot, at or about 14890 El Evado Road in Victorville, California.

16. For over ten minutes Mr. Hernandez filmed the interaction from at least 10-15 feet away.

17. After about ten minutes Deputy LUCAS GAYTAN arrives on scene.

18. GAYTAN admonishes Mr. Hernandez to not walk behind the Officers.

19. Mr. Hernandez moves from the parking lot onto the public sidewalk, maintaining a distance from the officers and the incident of at least 10-20 feet at all times.

20. GAYTAN positions himself between Mr. Hernandez and the officers conducting the traffic stop.

21. Again, GAYTAN addressed Mr. Hernandez and states "If you pose a threat to my officers you will end up in handcuffs"

22. Mr. Hernandez was not carrying a weapon and was dressed in only blue jeans and a t-shirt.

23. It was apparent to GAYTAN that the only items in Mr. Hernandez' hand was camera, and that he was recording the incident.

24. For over ten minutes Mr. Hernandez films the incident from the public sidewalk

25. Mr. Hernandez, staying on the sidewalk walks the perimeter of the incident to film from a different angle.

26. GAYTAN follows Mr. Hernandez and stays between Mr. Hernandez and the incident.

27. For over five minutes Mr. Hernandez walks up and down on the public sidewalk filming the police encounter.

28. GAYTAN follows Mr. Hernandez the entire time.

29. After a few minutes, the incident Mr. Hernandez is recording ends, and the individual being detained get in his car to leave the scene.

30. As soon as the incident is over GAYTAN without warning, walks over to Mr. Hernandez and places him in handcuffs.

31. Defendant GAYTAN did not issue a warning or any instruction to Mr. Hernandez before he arrested him.

32. Mr. Hernandez was taken into custody and transported to Adelanto pre-trial detention facility.

33. Mr. Hernandez was in custody for over twenty-four (24) hours.

34. Mr. Hernandez was never charged in relation to this arrest.

35. At all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of San Bernardino County and the State of California and under the authority of their respective offices as Deputies and law enforcement officers.

36. Prior to and after Mr. Hernandez was informed that he was arrested, he had made no threats, had taken no aggressive actions, had not verbally threatened harm or exhibited any actions to cause anyone to believe that they were in any danger.

37. Mr. Hernandez had to suffer the humiliation of being handcuffed in public view for everyone to see and was held in custody as if he were a common criminal.

38. Mr. Hernandez suffered the loss of his freedom for an unreasonable amount of time in light of the circumstances.

39. No actions of Mr. Hernandez would have provided a reasonable officer with reason to believe that the officer had reasonable suspicion to detain Plaintiff and probable cause to arrest/detain Mr. Hernandez.

40. None of the Defendants had information in the form of objective articulable facts that would have allowed a reasonable officer to initially detain and/or Mr. Hernandez.

41. None of the Defendants had a warrant to arrest Mr. Hernandez and no reasonable officer in the position of defendants would have believed that he had probable cause to arrest/detain Mr. Hernandez.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation Of Fourth Amendment Right – Unreasonable Seizure Of Person**

**(Plaintiff Mr. Hernandez, as to Defendant GAYTAN)**

42. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as though set forth in full herein.

43. Mr. Hernandez has a well-established, constitutionally protected right to be free from unreasonable seizures of the person.

44. Defendants acting under the color of law deprived Mr. Hernandez of his constitutionally protected right when they unreasonable detained and arrested Mr. Hernandez, holding him in custody for over 24 hours.

45. The seizure of Mr. Hernandez was unreasonable in that, Defendants did not have a warrant, probable cause, or even reasonable suspicion to believe Mr. Hernandez had engaged in, was engaging in, or was about to engage in any criminal conduct.

46. Defendants did not observe the plaintiffs engage in any criminal conduct and Defendants had no objective facts to form a basis for reasonable suspicion that plaintiffs had committed, was committing, or was about to commit, any criminal conduct.

47. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Hernandez clearly established rights protected by the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

48. As a direct and proximate result of the acts described above, Mr. Hernandez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

49. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation Of First Amendment Right – Free Speech
### (Plaintiff Mr. Hernandez as to Defendant GAYTAN)

50. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as though set forth in full herein.

51. Observing and recording public official's activities, including police officer, and public buildings from public places, without interfering with the duties of the public official, is a legitimate means of gathering information for public dissemination and is expressive conduct under the protection of First Amendment.

52. This First Amendment right to gather information includes the right to record actions of public officials, including the police, subject to reasonable time, place, and manner restrictions.

53. Mr. Hernandez was exercising their First Amendment rights on or about June 2, 2018 when he was filming a police encounter in Victorville, California.

54. Mr. Hernandez was not engaged in any unlawful activity or interfering with the duties of the police.

55. None of Mr. Hernandez's activities were being conducted in an unreasonable time, place or manner.

56. By stopping, detaining, and arresting the Mr. Hernandez, the defendants sought to chill his free speech rights.

57. This act was also in retaliation against Mr. Hernandez for freely exercising his first amendment right by recording public officials.

58. Defendants acting under the color of law deprived the Mr. Hernandez of certain constitutionally protected right by preventing the him from freely exercising his First Amendment right to record public officials while in public places.

59. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established rights protected by the First Amendment, and Fourteenth Amendment to the U.S. Constitution.

60. As a direct and proximate result of the acts described above, Mr. Hernandez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

61. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## FALSE ARREST
### (Plaintiff Mr. Hernandez as to Defendant GAYTAN)

62. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 61, inclusive, above, as though set forth in full herein.

63. Through the actions described herein on or about June 2, 2018, Defendant GAYTAN intentionally and unlawfully wrongfully arrested Mr. Hernandez, and held him in custody for over 24 hours.

64. Mr. Hernandez was arrested without a warrant

65. The Defendants did not have probable cause and/or reasonable suspicion to arrest and detain Mr. Hernandez.

66. Mr. Hernandez was never charged with a crime.

67. Mr. Hernandez was not prosecuted for any crime in connection with this arrest.

68. As a direct and proximate result of the acts described above, Mr. Hernandez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

69. Defendant's use of unreasonable force, and unlawfully arrest was a substantial factor in causing physical and emotional harm to Mr. Hernandez.

70. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM
### (Plaintiff Mr. Hernandez as to Defendant COUNTY)

71. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 70, inclusive, above, as though set forth in full herein.

72. Defendant GAYTAN and DOES 1-10, inclusive were acting under the color of law with authority as law enforcement officers employed by Defendant COUNTY.

73. As stated above the acts of Defendant GAYTAN and DOES 1-10, inclusive deprived Mr. Hernandez of his First and Fourth Amendment rights under the United states Constitution and the aforementioned statues.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

74. Defendant COUNTY knowingly, and in deliberate indifference to the Constitutional rights of citizens, maintains inadequate policies, procedures, and training, in that they are nonexistent, which permits the unlawful violation of the First and Fourth Amendment.

75. The training policies of Defendant COUNTY were and are not adequate, to train its officers to handle the usual and recurring situations with which they must deal, specifically the COUNTY has failed to train law enforcement officers and deputies on a citizens First Amendment right to film and record the activities of Law Enforcement Officers, and that filming and recording the activities of Law Enforcement Officers does not equate to probable cause for an arrest.

76. Defendant COUNTY has made available to the public a complete copy of their Sheriff's Department policy and procedure manual via their website at:

http://www.sbcounty.gov/uploads/sheriff/sb978/Department/Department%20Manual%20Update%20041320.pdf.

77. Plaintiff is informed and believes, upon a complete review of Defendant COUNTY Sheriff's Department policy and procedure manual there is no stated policy or procedure recognizing or training Deputies and Law Enforcement officers on the public's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place.

78. Plaintiff is informed and believes, upon a complete review of Defendant COUNTY Sheriff's Department policy and procedure manual there is no stated policy or procedure instructing or training Deputies and Law Enforcement officers on how to act or perform their duties when being observed, filmed, recorded, videotaped or photographed by member of the

public, without interfering or violating the individuals First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place .

79. Plaintiff is informed and believes, upon a complete review of Defendant COUNTY Sheriff's Department policy and procedure manual there is no stated policy or procedure training officers on California Penal Code § 148(g), or that the act of filming and recording the activities of Law Enforcement Officers alone does not equate to probable cause for an arrest.

80. The failure of Defendant COUNTY to keep, maintain, or have a policy, procedure and/or training regarding a citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place is wholly inadequate in light of today's social climate on law enforcement, existing statutory and case law, and technology available to citizens.

81. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to adopt any policy and procedures, and/or train its Deputies and Officers adequately regarding the First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place.

82. Defendant COUNTY knows or should have known that Deputies and Law Enforcement officers working in the public can and will encounter citizens exercising their First Amendment right to observe, film, record, video tape and/or photograph them while performing duties in the public.

83. Defendant COUNTY knows or should have known that it is obvious and apparent Defendant COUNTY must train, adopt and maintain a policy and procedure regarding citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, especially in light of California Penal Code 148(g),

which states "The fact that a person takes a photograph or makes an audio or video recording of a public officer or peace officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place he or she has the right to be, does not constitute, in and of itself, a violation of subdivision (a), nor does it constitute reasonable suspicion to detain the person or probable cause to arrest the person," and in light of the Ninth Circuit Court of Appeals decisions in *Adkins v. Limtaco*, No. 11-17543 (9th Cir., August 12, 2013) and *Fordyce v. City of Seattle,* F.3d 436, 439 (9th Cir. 1995) which recognizes a First Amendment constitutional protected right to record the police.

84. Defendant COUNTY knows or should have known that the need to adopt a policy regarding citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place is obvious and apparent, as similarly situated departments such as Los Angeles Sheriff's Department have already adopted and implemented such a policy, procedures and training. (See LASD policy and procedure manual section 3-01/080.16 titled PHOTOGRAPHY, AUDIO, AND VIDEOTAPING BY THE PUBLIC AND THE PRESS).

85. Defendant COUNTY's lack of policy and procedure, and/or lack of training regarding citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, coupled with the frequency in which Deputies and Law Enforcement officer will encounter citizens filming, recording and photographing them in public places while performing their duties is likely to result in violations of individuals First Amendment Constitutional rights, and will also likely result in false arrests in violation of individuals Fourth Amendment Constitutional rights.

86. The failure of Defendant COUNTY to provide any policy, procedure or training on a citizen's First Amendment right to observe, film, record, video tape or photograph law

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

enforcement officers and activities from a public place, caused the deprivation of the plaintiff's rights by Defendant GAYTAN.

87. Had Defendant GAYTAN been training by Defendant COUNTY on the First Amendment rights of citizens to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, Mr. Hernandez may not have been detained, or arrested in violation of his Fourth Amendment right for simply exercising his First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place.

88. It is Defendant COUNTY's failure to train and/or provide a policy and/or guideline to Defendant GAYTAN on the First Amendment Rights of citizens to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, that was the driving force which caused the deprivation and violation of Mr. Hernandez' First and Fourth Amendment rights.

89. On information and belief Defendant GAYTAN and DOES 1-10 were not disciplined, reprimanded, suspended or otherwise penalized in connection with Mr. Hernandez' detention, arrest and injuries.

90. As a direct and proximate result of the acts described above, the Plaintiffs have suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

91. Accordingly, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. § 1988.

92. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF Cal. Civ. Code § 52.1 – BANE ACT
**(Plaintiff Mr. Hernandez, as to Defendant GAYTAN)**

93. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 89, inclusive, above, as though set forth in full herein.

94. Defendants, acting within the scope of their duties as San Bernardino County Sheriff's Deputies did unlawfully detain and arrest Mr. Hernandez in an attempt to interfere with the exercise of his First Amendment free speech rights, and Fourth Amendment right to be free from unreasonable seizure.

95. Defendant COUNTY is liable for the acts, omissions and conduct of their employees, including the Defendant Deputies herein, whose conduct was the cause of Mr. Hernandez's depravation of rights.

96. The conduct of the Defendants constituted interference by threats, intimidations, or coercion, or attempted interference with the exercise or enjoyment by Mr. Hernandez to rights that are secured by the Constitution and law of the United States, or by the Constitution and laws of the State of California, including the right to be free from unreasonable seizure, and the right to exercise free speech.

97. As a direct and proximate result of the acts described above, the Plaintiff's rights pursuant to Cal. Civ. Code § 52.1 were violated causing Mr. Hernandez to have suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury,

distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

98. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## JURY DEMAND

99. Plaintiff hereby demands a trial by jury for all issues that are so triable.

## DAMAGES AND ATTORNEY'S FEES

100. Plaintiff hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 86, inclusive, above, as though set forth in full herein.

101. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered deprivations of their constitutional rights guaranteed by the First, Fourth and Fourteenth Amendments to the U. S. Constitution.

102. Plaintiff's incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, and such other compensatory and consequential damages as the law entitles them to recover.

103. Alternatively, Plaintiff's seek nominal damages for the violations of their Constitutional rights.

104. Plaintiffs seek punitive damages against the individual Defendant Deputies for their intentional, willful and wanton acts violating "clearly established statutory and constitutional rights of which a reasonable officer would have known."

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

105. Plaintiffs hereby sues for these damages and prays for just and fair recovery thereof.

106. Plaintiffs are an award of attorney fees and costs under 42 U.S.C. § 1988(b), and under Cal. Civ. Code § 52.1.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgement against Defendants as follows:

A. Issue a judgement declaring that the acts of the Defendants described herein Violated Plaintiff Constitutional Rights;

B. For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $500,000 against all defendants;

C. For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, in an amount to be shown at trial, in excess of $500,000;

D. Cost of suit;

E. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b), and under Cal. Civ. Code § 52.1;

F. Such other relief as this Honorable Court may deem just and appropriate.

THE HEMMING FIRM

DATED: September 2, 2020    By: _____
KRISTA R. HEMMING
Attorneys for
**PLAINTIFF FELIPE HERNANDEZ**