ADAM L. MIEDERHOFF (CA State Bar No. 261913)
Deputy County Counsel
STEVEN O'NEILL (CA State Bar No. 143075)
Interim County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5446
Facsimile: (909) 387-4069
E-Mail: adam.miederhoff@cc.sbcounty.gov

Attorneys for Defendants, County of San Bernardino and Lucas Gaytan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE JESUS HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JOHN MCMAHON, in his capacity as San Bernardino County Sheriff; LUCAS GAYTAN; DOES 1-10, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino, California,<br><br>Defendants. | Case No. 5:20-cv-01144 JGB (SPx)<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>FPTC: November 1, 2021, 11:00 a.m.<br>Trial: November 16, 2021, 9:00 a.m.<br><br>Honorable District Judge Jesus G. Bernal<br><br>Honorable Magistrate Judge Sheri Pym |

Pursuant to Local Rule 16-4, Defendant, LUCAS GAYTAN, respectfully submits the following Memorandum of Contentions of Fact and Law, stating the contentions of the parties to be addressed at trial that is scheduled to commence on November 16, 2021.

1

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**L.R. 16-4.1 Claims and Defenses.**

    **(A)    Plaintiff's Claims**

Plaintiff's Second Amended Complaint ("SAC"), which is the operative pleading, includes the following claims[1]:

1. First Cause of Action under 42 U.S.C. Section 1983 for "Violation of Fourth Amendment Right – Unreasonable Seizure of Person" against Defendant GAYTAN.

2. Second Cause of Action brought under 42 U.S.C. Section 1983 for "Violation of First Amendment Right – Free Speech" against Defendant GAYTAN.

3. Third Cause of Action for "False Arrest" against Defendant GAYTAN.

    **(B)    Elements of Plaintiff's Claims**

<u>Claim 1: 42 U.S.C. Section 1983 for "Violation of Fourth Amendment Right Unreasonable Seizure of Person"</u>:

In order to prevail on his section 1983 claim against Defendant for violation of his fourth amendment right for unreasonable seizure of person, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant acted under color of state law;

2. Defendant's arrest of Plaintiff deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

(*See* Ninth Circuit Manual Model Jury Instructions: Civil Section 9.3)

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the Defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant seized the plaintiff's person;

---

[1] These are the remaining claims after Defendants' summary judgment motion was granted in part.

2.  in seizing the plaintiff's person, Defendant acted intentionally; and

3.  the seizure was unreasonable.

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause. "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under state law, it is a crime for "[e]very person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician … in the discharge or attempt to discharge any duty of his or her office or employment[.]"

(*See* Ninth Circuit Manual Model Jury Instructions: Civil Section 9.23; Cal. Penal Code § 148(a) (1).

Claim 2: 42 U.S.C. Section 1983 for "Violation of First Amendment Right – Free Speech":

In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when he arrested him.

Under the First Amendment, a citizen has the right to free expression. To establish the Defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  the plaintiff was engaged in a constitutionally protected activity;
2.  the Defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and
3.  the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

3
**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

(*See* Ninth Circuit Manual Model Jury Instructions: Civil Section 9.11)

<u>Claim 3: False Arrest without Warrant by Peace Officer</u>:

The plaintiff claims that he was wrongfully arrested by Defendant. To establish this claim, the plaintiff must prove all of the following:

1. That Defendant arrested the plaintiff without a warrant;

2. That the plaintiff was actually harmed; and

3. That Defendant's conduct was a substantial factor in causing the plaintiff's harm.

(See Judicial Council of California Civil Jury Instruction 1401)

<u>Ninth Affirmative Defense</u>:

Defendant claims the arrest was not wrongful because he had the authority to arrest the plaintiff without a warrant.

If Defendant proves that plaintiff engaged in acts that constitute reasonable cause to believe that plaintiff had committed a crime in Defendant's presence, then Defendant had the authority to arrest the plaintiff without a warrant.

(See Judicial Council of California Civil Jury Instruction 1402)

**(C)  Brief Description of Key Evidence in Opposition to Plaintiff's Claims**

In opposition to Plaintiff's claims, Defendant intends to submit the following evidence, which applies to all three claims:

Testimony from witnesses Plaintiff Felipe Jesus Hernandez, Melissa Ravelo, Deputy Marcus Young, Defendant Sergeant Lucas Gaytan, and Deputy Art Bandari.

<u>Plaintiff</u>: He will be cross-examined on his background, his YouTube channel relating to recording law enforcement activities, his actions and statements on scene, his video recordings, his observations on scene, and his alleged injuries.

<u>Melissa Ravelo</u>: She will be cross-examined on her background and relation to plaintiff, her actions and statements on scene, her video recordings, and her observations on scene.

<u>Deputy Marcus Young</u>: Deputy Young will testify regarding his educational background and training, the traffic stop involving the other individuals, his statements to Plaintiff and his group, and his observations of Plaintiff and his group.

<u>Defendant Sergeant Lucas Gaytan</u>: Sergeant Gaytan will testify regarding his background and training, and the statements he made and heard on scene. He will also testify as to the actions of Plaintiff and his group on scene. He will also testify regarding Plaintiff's arrest and the reasons for the arresting charge.

<u>Deputy Art Bandari</u>: Deputy Bandari will testify regarding his background and training, and the statements he made and heard on scene. He will also testify as to the actions of Plaintiff and his group on scene. He will also testify regarding Plaintiff's arrest and the results of the search of Plaintiff.

<u>Video and audio recordings</u>: These recordings will be used to demonstrate the statements and actions of the Sheriff's Department personnel on scene, and the statements and actions of Plaintiff and his group. The recordings provide evidence supporting the existence of probable cause and Defendant's decision to arrest plaintiff for committing a misdemeanor crime in his presence.

<u>Criminal reports</u>: These documents will be used to demonstrate the information captured on scene, should a witness need to refresh their recollection.

<u>Jail records</u>: These documents will be used to demonstrate the information relating to Plaintiff's arrest and alleged damages of being unlawfully taken to jail and released.

**L.R. 16-4.3 – Bifurcation of Issues**

There is no bifurcation of issues.

**L.R. 16-4.4 – Jury Trial**

Defendant has requested a jury trial.

**L.R. 16-4.5 – Attorney's Fees**

Defendant submits attorney's fees and costs are recoverable by Defendant should it prevail in this action, pursuant to 42 USC § 1988(b).

////

**L.R. 16-4.6 – Abandonment of Issues**

Defendant will not pursue affirmative defenses One through Eight, which were identified in the answer, at trial, as they are inapplicable following summary judgment motion or the plaintiff carries the burden of proving his claims.

Defendant will continue to pursue the Ninth Affirmative Defense, as noted above, on the basis that Sergeant Gaytan had reasonable cause to believe Plaintiff had committed a crime in his presence and that the arrest was lawful.

DATED: October 20, 2021

STEVEN O'NEILL
Interim County Counsel

_____
ADAM L. MIEDERHOFF
Deputy County Counsel
Attorneys for Defendants, County of San Bernardino and Lucas Gaytan