Krista R. Hemming, SBN 304213
The Hemming Firm
419 Main Street, Suite 262
Huntington Beach, CA 92648
Tel: (949) 903 - 7650
Fax: (949) 258 - 5963
E-mail: thehemmingfirm@gmail.com

Attorney for Plaintiffs, FELIPE HERNANDEZ

ADAM L. MIEDERHOFF (CA State Bar No. 261913)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5446
Facsimile: (909) 387-4069
E-Mail: adam.miederhoff@cc.sbcounty.gov

Attorneys for Defendant, LUCAS GAYTAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE JESUS HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO;<br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEPARTMENT; JOHN<br>MCMAHON, in his capacity as San<br>Bernardino County Sheriff; LUCAS<br>GAYTAN; DOES 1-10, Individually,<br>and in their capacity as Deputy Sheriffs<br>for the County of San Bernardino,<br>California,<br><br>Defendants. | Case No. 5:20-cv-01144 JGB (SPx)<br><br>**[PROPOSED] JOINT JURY INSTRUCTIONS**<br><br>FPTC: November 1, 2021, 11:00 a.m.<br>Trial: November 16, 2021, 9:00 a.m.<br><br>Honorable District Judge Jesus G. Bernal<br><br>Honorable Magistrate Judge Sheri Pym |

1

Plaintiff, FELIPE HERNANDEZ, and Defendant, LUCAS GAYTAN, hereby submit the following proposed joint jury instructions.

| Number | Title | Source | Page |
|--------|-------|--------|------|
| DISTRICT COURTS OF THE NINTH CIRCUIT |||

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Cover Sheet | 1.1 | 7 |
| 2 | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies) | 1.3 | 8 |
| 3 | Claims and Defenses | 1.5 | 9 |
| 4 | Burden of Proof- Preponderance of the Evidence Clear and convincing Evidence | 1.6 | 10 |
| 5 | [1]Burden of Proof—Clear and Convincing Evidence | 1.7 | 11 |
| 6 | What Is Evidence | 1.9 | 12 |
| 7 | What Is Not Evidence | 1.10 | 13 |
| 8 | Evidence for Limited Purpose | 1.11 | 14 |
| 9 | Direct and Circumstantial Evidence | 1.12 | 15 |
| 10 | Ruling on Objections | 1.13 | 16 |
| 11 | Credibility of Witnesses | 1.14 | 17 |
| 12 | Conduct of the Jury | 1.15 | 18-9 |
| 13 | Taking Notes | 1.18 | 20 |
| 14 | Bench Conferences and Recesses | 1.20 | 21 |
| 15 | Outline of Trial | 1.21 | 22 |
| 16 | Stipulations of fact | 2.2 | 23 |
| 17 | Transcript of Recording in English | 2.5 | 24 |
| 18 | Impeachment Evidence—Witness | 2.9 | 25 |

---

[1] Defendant objects to instruction 5 on the basis that Defendant intends to ask this court to bifurcate the issue of punitive damages as there is no evidence to warrant the question of punitive damages and no evidence of punitive damages in discovery.

2

**[PROPOSED] JOINT JURY INSTRUCTIONS**

| 19 | Use of Interrogatories | 2.11 | 26 |
|----|------------------------|------|-----|
| 20 | Evidence in Electronic Format | 2.16 | 27-8 |
| 21 | Duty to Deliberate | 3.1 | 29 |
| 22 | Consideration of Evidence—Conduct of the Jury | 3.2 | 30-31 |
| 23 | Communication With Court | 3.3 | 32 |
| 24 | Readbacks or Playbacks | 3.4 | 33 |
| 25 | Return of Verdict | 3.5 | 34 |
| 26 | [2]Additional Instructions of Law | 3.6 | 35 |
| 27 | Deadlocked Jury | 3.7 | 36 |
| 28 | Continuing Deliberations After Juror Is Discharged | 3.8 | 37 |
| 29 | Damages—Proof | 5.1 | 38 |
| 30 | Measures of Types of Damages | 5.2 | 39-40 |
| 31 | [3]Punitive Damages | 5.5 | 41-2 |
| 32 | Nominal Damages | 5.6 | 43 |
| 33 | Section 1983 Claim—Introductory Instruction | 9.1 | 44 |
| 34 | Causation | 9.2 | 44-48 |
| 35 | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9.3 | 49 |
| 36 | Particular Rights—First Amendment—"Citizen" Plaintiff | 9.11 | 50 |
| 37 | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally | 9.20 | 51-2 |

[2] Defendant objects to instruction 26 on the basis that Defendant is unaware of any additional instructions needed.

[3] Defendant objects to instruction 31 on basis that Defendant intends to ask this Court to bifurcate the issue of punitive damages.

3

**[PROPOSED] JOINT JURY INSTRUCTIONS**

| 38 | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest 115 | 9.23 | 53 |

**CALIFORNIA CIVIL JURY INSTRUCTIONS (CACI)**

| Number | Title | Source | Page |
|---|---|---|---|
| 39 | False Arrest Without Warrant by Peace Officer—Essential Factual Elements | 1401 | 54 |
| 40 | False Arrest Without Warrant—Affirmative Defense—Peace Officer—Probable Cause to Arrest | 1402 | 55 |
| 41 | Introduction to Tort Damages—Liability Contested | 3900 | 56 |
| 42 | [4]Introduction to Tort Damages—Liability Established | 3901 | 57 |
| 43 | Economic and Noneconomic Damages | 3902 | 58 |
| 44 | Items of Economic Damage | 3903 | 59 |
| 45 | Damage to Personal Property (Economic Damage) | 3903J | 60 |
| 46 | Loss or Destruction of Personal Property (Economic Damage) | 3903K | 61 |
| 47 | Loss of Use of Personal Property (Economic Damage) | 3903M | 62 |
| 48 | Lost Profits (Economic Damage) | 3903N | 63 |
| 49 | Items of Noneconomic Damage | 3905 | 64 |
| 50 | Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) | 3905A | 65 |
| 51 | Aggravation of Preexisting Condition or Disability | 3927 | 66 |

---

[4] Defendant objects to instructions 42 through 48 and 51, as these instructions are inapplicable to the present case where liability is not established and damages are limited non-economic distress.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

| 52 | [5]Punitive Damages—Individual Defendant—Trial Not Bifurcated | 3940 | 67-8 |
|----|---------------------------------------------------------------|------|------|

THE HEMMING FIRM

DATED: April 9, 2022           By:   **/s/Krista R. Hemming**
                                        KRISTA R. HEMMING
                                        Attorneys for Plaintiffs
                                        **FELIPE HERNANDEZ**

TOM BUNTON
County Counsel

DATED: April 9, 2022           By:   **/s/Adam L. Miederhoff**
                                          ADAM L. MIEDERHOFF
                                          Attorneys for Defendant
                                          **LUCAS GAYTAN**

---

[5] Defendant objects to instruction 52 on there is no basis punitive damages in the state tort cause of action.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   I certify in accordance with Local Rule 5-4.3.4 that all parties have concurred in the contents of the document and have authorized my office to file it.

DATED: April 9, 2022                    THE HEMMING FIRM


                                        By:   /s/Krista R. Hemming
                                              Krista R. Hemming, Esq.
                                              Attorneys for Plaintiffs
                                              FELIPE HERNANDEZ

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 1

## 1.1 COVER SHEET

IN THE UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____

| | |
|---|---|
| _____, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )  No. _____ |
| | ) |
| _____, | ) |
| Defendant | ) |
| _____) | |

**JURY INSTRUCTIONS**

DATED: _____

_____
UNITED STATES [DISTRICT] [MAGISTRATE]
JUDGE

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 2
## 1.2 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 3**

**1.5 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that [*plaintiff's claims*].  The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 4

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 5**

**1.7 BURDEN OF PROOF— CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**JURY INSTRUCTION NO.6**

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits that are admitted into evidence;

      3.    any facts to which the lawyers have agreed; and

      4.    any facts that I [may instruct] [have instructed] you to accept as proved.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO.7
## <u>1.10 WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO.7
## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO.9

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO.10
## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO.11
## 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO.12

## 1.15 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or

**[PROPOSED] JOINT JURY INSTRUCTIONS**

media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 13

### 1.18 TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.   When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 14

### 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 15**

**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 16**

**2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you].  You must therefore treat these facts as having been proved.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 17**

**2.5 TRANSCRIPT OF RECORDING IN ENGLISH**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 18**

**2.9 IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness *[e.g., has been convicted of a crime, lied under oath on a prior occasion, etc*.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 19**

**2.11 USE OF INTERROGATORIES**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 20**

**2.16 EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not

**[PROPOSED] JOINT JURY INSTRUCTIONS**

remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 21

### 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 22**

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to

**[PROPOSED] JOINT JURY INSTRUCTIONS**

me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 23
## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 24**

**3.4 READBACK OR PLAYBACK**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above.  See United States v. Newhoff, 627 F.3d 1163, 1167 (9th Cir. 2010); see also JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 25

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 26**

**3.6 ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 27

## 3.7 DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors.  During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now return to the jury room and continue your deliberations.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 28**

**3.8 CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 29**

**5.1 DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [specify type of claim] claim], you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

[Insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 30**

**5.2 MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property that was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the

**[PROPOSED] JOINT JURY INSTRUCTIONS**

occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1.    the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2.    the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 27
## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

1

2

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

3

4

5

6

[Punitive damages may not be awarded against [specify defendant.]  [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.]  [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 32**

**5.6 NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 33

## 9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings [his] [her] claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2

## JURY INSTRUCTION NO. 34
## 9.2 CAUSATION

3
General Principles

4
"In a § 1983 action, the plaintiff must also demonstrate that the defendant's

5
conduct was the actionable cause of the claimed injury."  Harper v. City of Los Angeles,

6
533 F.3d 1010, 1026 (9th Cir. 2008).  "To meet this causation requirement, the plaintiff

7
must establish both causation-in-fact and proximate causation."  Id.  This standard of

8
causation "closely resembles the standard 'foreseeability' formulation of proximate

9
cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also

10
Stevenson v. Koskey, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn

11
to common law of torts for causation in civil rights cases).

12
"The inquiry into causation must be individualized and focus on the duties

13
and responsibilities of each individual defendant whose acts or omissions are alleged to

14
have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

15
1988).  For example, when deprivation of a protected interest is substantively justified but

16
the procedures were deficient, a plaintiff must show injury from the denial of procedural

17
due process itself and cannot recover damages from the justified deprivation.  Carey v.

18
Piphus, 435 U.S. 247, 260-64 (1978); Watson v. City of San Jose, 800 F.3d 1135, 1140-

19
42 (9th Cir. 2015) (expanding types of constitutional tort actions subject to Carey's

20
causation analysis and quoting trial court's damages instruction).

21
A person deprives another of a constitutional right, within the meaning of §

22
1983, "if he does an affirmative act, participates in another's affirmative act, or omits to

23
perform an act which he is legally required to do that causes the deprivation of which

24
complaint is made."  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183

25
(9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "An

26
officer's liability under section 1983 is predicated on his integral participation in the

27
alleged violation."  Nicholson v. City of Los Angeles, 935 F.3d 685, 691 (9th Cir. 2019)

28
(quoting Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (internal

**[PROPOSED] JOINT JURY INSTRUCTIONS**

quotes omitted)).  Thus, an "officer could be held liable where he is just one participant in a sequence of events that gives rise to [the alleged] constitutional violation." Nicholson, 935 F.3d at 692.

Supervisor Liability

"A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); see also Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (discussing culpability and intent of supervisors). Supervisors may also be held liable under § 1983 as follows: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."  Starr, 652 F.3d at 1207-08; see also OSU Student All. v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability … so long as the policy proximately causes the harm—that is, so long as the plaintiff's constitutional injury in fact occurs pursuant to the policy.").  However, supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978).

Deliberate Fabrication

In deliberate fabrication cases, the filing of a criminal complaint usually immunizes the investigating officers "'because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an

accused's arrest exists at that time.'"  Caldwell v. City & Cnty. of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018) (quoting Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir. 1981), overruled on other grounds by Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008)). However, the presumption can be overcome if a plaintiff establishes that officers "either presented false evidence to or withheld crucial information from the prosecutor." Id. at 1116.  At that point, "the analysis reverts back to a normal causation question" and the issue again becomes whether the constitutional violation caused the plaintiff's harm.  Id.

First Amendment Retaliation Claims

When a § 1983 claim alleges discrimination because of the plaintiff's exercise of a First Amendment right, use the "substantial or motivating factor" formulation already included in Instructions 9.9 (Particular Rights—First Amendment—Public Employees—Speech) and 9.11 (Particular Rights—First Amendment— "Citizen" Plaintiff).

Monell Claims

"Under Monell, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) (citing Harper, 533 F.3d at 1026).  Regardless of what theory the plaintiff employs to establish municipal liability— policy, custom, or failure to train— the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation.  See City of Canton, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  If the plaintiff relies on the theory of ratification, see Instruction 9.7 (Section 1983 Claim Against Local Governing Body Defendants Based on Ratification— Elements and Burden of Proof), which discusses ratification and causation.

In Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir. 1992), the Ninth Circuit approved the trial court's "moving force" instruction on causation in a § 1983 Monell claim as follows:

The district court instructed the jury that "in order for [the policy] to be the cause of injury, you must find that it is so closely related as to be the moving force causing the ultimate injury." Because this instruction closely tracks the language in City of Canton, we find that it correctly stated the law and adequately covered the issue of causation. See City of Canton, 489 U.S. at 391 ("the identified deficiency in a city's training program must be closely related to the ultimate injury.") (emphasis in original).

Concurrent Cause

In Jones v. Williams, the Ninth Circuit affirmed a defense verdict in a § 1983 case in which the district judge gave the following "concurrent cause" instruction to address allegations of supervisory and group liability:  "[M]any factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause." Jones v. Williams, 297 F.3d 930, 937 n.6 (9th Cir. 2002).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 35

## 9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on [his] [her] § 1983 claim against the defendant [name of individual defendant], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of state law; and

2.      the [act[s]] [failure to act] of the defendant deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of state law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 36**

**9.11 PARTICULAR RIGHTS—FIRST AMENDMENT— "CITIZEN" PLAINTIFF**

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendant [name] deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived [him] [her] of [his] [her] rights under the First Amendment to the Constitution when [insert factual basis of the plaintiff's claim].

Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [other applicable right].  To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      the plaintiff was engaged in a constitutionally protected activity;

2.      the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.      the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

[I instruct you that the plaintiff's [speech in this case about [specify]] [specify conduct] was protected under the First Amendment and, therefore, the first element requires no proof.]

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 37**

**9.20 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY**

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendants [name[s]] deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived [him] [her] of [his] [her] rights under the Fourth Amendment to the Constitution when [insert factual basis of the plaintiff's claim].

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of [his] [her] person.  In order to prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      [name[s] of applicable defendant[s]] seized the plaintiff's person;

2.      in seizing the plaintiff's person, [name[s] of same person[s]] acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when [he] [she] restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about [his] [her] business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1.      the number of officers present;

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner would imply that compliance would be compelled; and

---

51

**[PROPOSED] JOINT JURY INSTRUCTIONS**

5.      whether the officers advised the plaintiff that [he] [she] was free to leave.

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, the plaintiff must prove that the defendant intended to [insert

the factual basis for the plaintiff's claim].  It is not enough to prove that the defendant

negligently or accidentally engaged in that action.  But while the plaintiff must prove that the

defendant intended to act; the plaintiff need not prove that the defendant intended to violate the

plaintiff's Fourth Amendment rights.].]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 38

## 9.23 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that [he] [she] was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under [federal] [state] law, it is a crime to [insert elements or description of applicable crime for which probable cause must have existed].

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1 - CACI**

**1401. FALSE ARREST WITHOUT WARRANT BY PEACE OFFICER—**

**ESSENTIAL FACTUAL ELEMENTS**

[Name of plaintiff] claims that [he/she/nonbinary pronoun] was wrongfully arrested by [name of defendant]. To establish this claim, [name of plaintiff] must prove all of the following:

1.     That [name of defendant] arrested [name of plaintiff] without a warrant;

2.     That [name of plaintiff] was [actually] harmed; and

3.     That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

---

54

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

**JURY INSTRUCTION NO. 2 - CACI**

2

**1402. FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE DEFENSE—**

3

**PEACE OFFICER—PROBABLE CAUSE TO ARREST**

4

[Name of defendant] claims the arrest was not wrongful because [he/she/nonbinary

5

pronoun] had the authority to arrest [name of plaintiff] without a warrant.

6

[If [name of defendant] proves that [insert facts that, if proved, would constitute

7

reasonable cause to believe that plaintiff had committed a crime in defendant's presence],

8

then [name of defendant] had the authority to arrest [name of plaintiff] without a warrant.]

9

[or]

10

[If [name of defendant] proves that [insert facts that, if proved, would establish that

11

defendant had reasonable cause to believe that plaintiff had committed a felony, whether

12

or not a felony had actually been committed], then [name of defendant] had the authority

13

to arrest [name of plaintiff] without a warrant.]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 3 - CACI

## 3900. INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED

If you decide that [name of plaintiff] has proved [his/her/nonbinary pronoun] claim against [name of defendant], you also must decide how much money will reasonably compensate [name of plaintiff] for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by [name of defendant]'s wrongful conduct, even if the particular harm could not have been anticipated.

[Name of plaintiff] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

[The following are the specific items of damages claimed by [name of plaintiff]:]

[Insert applicable instructions on items of damage.]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 4 - CACI

## 3901. INTRODUCTION TO TORT DAMAGES—LIABILITY ESTABLISHED

If you decide that [name of plaintiff] was harmed and that [name of defendant]'s [insert description of cause of action, e.g., "negligence"] was a substantial factor in causing the harm, you also must decide how much money will reasonably compensate [name of plaintiff] for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by [name of defendant]'s wrongful conduct, even if the particular harm could not have been anticipated.

[Name of plaintiff] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

[The following are the specific items of damages claimed by [name of plaintiff]:]

[Insert applicable instructions on items of damage.]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 5 - CACI

## 3902. ECONOMIC AND NONECONOMIC DAMAGES

The damages claimed by [name of plaintiff] for the harm caused by [name of defendant] fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 6 - CACI

## 3903. ITEMS OF ECONOMIC DAMAGE

The following are the specific items of economic damages claimed by [name of plaintiff]:

[Insert applicable instructions on items of economic damage.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 7 - CACI

## 3903J. DAMAGE TO PERSONAL PROPERTY (ECONOMIC DAMAGE)

[Insert number, e.g., "10."] The harm to [name of plaintiff]'s [item of personal property, e.g., automobile].

To recover damages for harm to personal property, [name of plaintiff] must prove the reduction in the [e.g., automobile]'s value or the reasonable cost of repairing it, whichever is less. [If there is evidence of both, [name of plaintiff] is entitled to the lesser of the two amounts.]

[However, if you find that the [e.g., automobile] can be repaired, but after repairs it will be worth less than it was before the harm, the damages are (1) the difference between its value immediately before the harm and its lesser value immediately after the repairs have been made; plus (2) the reasonable cost of making the repairs. The total amount awarded may not exceed the [e.g., automobile]'s value immediately before the harm occurred.]

To determine the reduction in value if repairs cannot be made, you must determine the fair market value of the [e.g., automobile] immediately before the harm occurred and then subtract the fair market value immediately after the harm occurred.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.      That there is no pressure on either one to buy or sell; and

2.      That both buyer and seller have reasonable knowledge of all relevant facts about the condition and quality of the [e.g., automobile].

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 8 - CACI**

**3903K. LOSS OR DESTRUCTION OF PERSONAL PROPERTY (ECONOMIC DAMAGE)**

[Insert number, e.g., "11."] The [loss/destruction] of [name of plaintiff]'s [item of personal property].

To recover damages for the [loss/destruction], [name of plaintiff] must prove the fair market value of the [item of personal property] just before the harm occurred.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.     That there is no pressure on either one to buy or sell; and

2.     That both buyer and seller have reasonable knowledge of all relevant facts about the condition and quality of the [item of personal property].

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 9 - CACI

**3903M. LOSS OF USE OF PERSONAL PROPERTY (ECONOMIC DAMAGE)**

[Insert number, e.g., "13."] The loss of use of [name of plaintiff]'s [item of personal property].

To recover damages for loss of use, [name of plaintiff] must prove the reasonable cost to rent a similar [item of personal property] for the amount of time reasonably necessary to repair or replace the [item of personal property].

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 10 - CACI
## 3903N. LOST PROFITS (ECONOMIC DAMAGE)

[Insert number, e.g., "13."] Lost profits.

To recover damages for lost profits, [name of plaintiff] must prove it is reasonably certain [he/she/nonbinary pronoun/it] would have earned

profits but for [name of defendant]'s conduct.

To decide the amount of damages for lost profits, you must determine the gross amount [name of plaintiff] would have received but for [name of defendant]'s conduct and then subtract from that amount the expenses [including the value of the [specify categories of evidence, such as labor/materials/rents/all expenses/interest of the capital employed]] [name of plaintiff] would have had if [name of defendant]'s conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 11 - CACI

## 3905. ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by [name of plaintiff]:

[Insert applicable instructions on items of noneconomic damage.]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 12 - CACI

## 3905A. PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS (NONECONOMIC DAMAGE)

[Insert number, e.g., "1."] [Past] [and] [future] [physical pain/ mental suffering/ loss of enjoyment of life/ disfigurement/ physical impairment /inconvenience/ grief/anxiety /humiliation/ emotional distress/ [insert other damages]].

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

[To recover for future [insert item of pain and suffering], [name of plaintiff] must prove that [he/she/nonbinary pronoun] is reasonably certain to suffer that harm.

For future [insert item of pain and suffering], determine the amount in current dollars paid at the time of judgment that will compensate [name of plaintiff] for future [insert item of pain and suffering]. [This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.]]

**[PROPOSED] JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 13 - CACI

## 3927. AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY

[Name of plaintiff] is not entitled to damages for any physical or emotional condition that [he/she/nonbinary pronoun] had before [name of defendant]'s conduct occurred. However, if [name of plaintiff] had a physical or emotional condition that was made worse by [name of defendant]'s wrongful conduct, you must award damages that will reasonably and fairly compensate [him/her/nonbinary pronoun] for the effect on that condition.

**[PROPOSED] JOINT JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 14 - CACI**

**3903N. LOST PROFITS (ECONOMIC DAMAGE)**

If you decide that [name of defendant]'s conduct caused [name of plaintiff] harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if [name of plaintiff] proves by clear and convincing evidence that [name of defendant] engaged in that conduct with malice, oppression, or fraud.

"Malice" means that [name of defendant] acted with intent to cause injury or that [name of defendant]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [name of defendant]'s conduct was despicable and subjected [name of plaintiff] to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant] intentionally misrepresented or concealed a material fact and did so intending to harm [name of plaintiff].

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was [name of defendant]'s conduct? In deciding how reprehensible [name of defendant]'s conduct was, you may consider, among other factors:

   1. Whether the conduct caused physical harm;

**[PROPOSED] JOINT JURY INSTRUCTIONS**

2.  Whether [name of defendant] disregarded the health or safety of others;

3.  Whether [name of plaintiff] was financially weak or vulnerable and [name of defendant] knew [name of plaintiff] was financially weak or vulnerable and took advantage of [him/her/nonbinary pronoun/it];

4.  Whether [name of defendant]'s conduct involved a pattern or practice; and

5.  Whether [name of defendant] acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and [name of plaintiff]'s harm [or between the amount of punitive damages and potential harm to [name of plaintiff] that [name of defendant] knew was likely to occur because of [his/her/nonbinary pronoun/its] conduct]?

(c) In view of [name of defendant]'s financial condition, what amount is necessary to punish [him/her/nonbinary pronoun/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because [name of defendant] has substantial financial resources. [Any award you impose may not exceed [name of defendant]'s ability to pay.]

[Punitive damages may not be used to punish [name of defendant] for the impact of [his/her/nonbinary pronoun/its] alleged misconduct on persons other than [name of plaintiff].]

**[PROPOSED] JOINT JURY INSTRUCTIONS**