F I L E D
CLERK, U.S. DISTRICT COURT

4/28/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ tc _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| FELIPE HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LUCAS GAYTAN<br><br>　　　　Defendant | Case No. EDCV 20-01144-JGB(SPx)<br><br>JURY INSTRUCTIONS |

## JURY INSTRUCTION NO. 1

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Please do not read into these instructions or anything that I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

### Outline of Trial

Trial has proceeded in the following way:  Each side has made an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expected the evidence will show.

The plaintiff then presented evidence, and counsel for the defendant cross-examined.  Then the defendant presented evidence, and counsel for the plaintiff cross-examined.

Now that the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## <u>JURY INSTRUCTION NO. 3</u>

### <u>Claims and Defenses</u>

As stated in the beginning of the trial, the following is a brief summary of the positions of the parties:

This case arises out of the arrest of Plaintiff Felipe Jesus Hernandez by Defendant Lucas Gaytan, a Sergeant with San Bernardino County Sheriff's Department, on June 2, 2018.  Plaintiff claims that the arrest was not based upon probable cause and that the arrest occurred in retaliation for exercising his First Amendment rights.  Defendant disputes these allegations and maintains that the arrest was based upon probable cause that Plaintiff committed a crime.

Plaintiff claims damages as a result of the alleged unlawful arrest.  Defendant disputes the nature and extent of his alleged damages.

# JURY INSTRUCTION NO. 4

## Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 5

### What is Evidence

The evidence you are to consider in deciding what facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are admitted into evidence; and

3.  any facts to which the lawyers have agreed.

## JURY INSTRUCTION NO. 6

### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when you are given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 8

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## JURY INSTRUCTION NO. 9

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

      (2)    the witness's memory;

      (3)    the witness's manner while testifying;

      (4)    the witness's interest in the outcome of the case, if any;

      (5)    the witness's bias or prejudice, if any;

      (6)    whether other evidence contradicted the witness's testimony;

      (7)    the reasonableness of the witness's testimony in light of all the evidence; and

      (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what

they remember.  Also, two people may see the same event but remember it

differently.  You may consider these differences, but do not decide that testimony

is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully

about something important, you may choose not to believe anything that witness

said.  On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and

ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify.  What is important is how believable the witnesses

were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 10

## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hand-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any

nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  The computer will not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic disk from the jury room, and do not copy any such data.

## JURY INSTRUCTION NO. 11

### No Transcript Available to Jury and Taking Notes

During deliberations, you will not have a transcript of the trial testimony.

Some of you have taken notes during the trial.  Whether or not you take notes, you should rely on your own memory of what is said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

## JURY INSTRUCTION NO. 12

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## JURY INSTRUCTION NO. 13

### Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decide by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

## JURY INSTRUCTION NO. 14

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting

dictionaries, searching the Internet, or using other reference materials; and do not

make any investigation or in any other way try to learn about the case on your own.

Do not visit or view any place discussed in this case, and do not use Internet

programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about this case, the law, or the people involved—

including the parties, the witnesses or the lawyers—until you have been excused as

jurors.  If you happen to read or hear anything touching on this case in the media,

turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on

evidence that has been presented here in court.  Witnesses here in court take an

oath to tell the truth, and the accuracy of their testimony is tested through the trial

process.  If you do any research or investigation outside the courtroom, or gain any

information through improper communications, then your verdict may be

influenced by inaccurate, incomplete or misleading information that has not been

tested by the trial process.  Each of the parties is entitled to a fair trial by an

impartial jury, and if you decide the case based on information not presented in

court, you will have denied the parties a fair trial.  Remember, you have taken an

oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 15

### Stipulations of Fact

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved:

1. At the time of the events in question, Plaintiff operated a YouTube channel titled High Desert Community Watch News Network, where he posted video recordings of law enforcement activities in public.

2. On June 2, 2018, Deputy Marcus Young of the San Bernardino County Sheriff's Department was conducting a traffic stop in a liquor store parking lot at the corner of El Evado Road and Hook Boulevard in the Victorville.

3. Plaintiff Felipe Hernandez, Melissa Ravelo, and several others with them arrived on scene and began video recording the event.

4. Defendant Sergeant Lucas Gaytan of the San Bernardino County Sheriff's Department responded to the scene to assist.

5. Defendant arrested Plaintiff for violation of California Penal Code Section 148(a)(1), willfully resisting, delaying, or obstructing a peace officer in the discharge or attempt to discharge his duties.

6.  Plaintiff was taken to jail at High Desert Detention Center and released after approximately three hours.

## JURY INSTRUCTION NO. 16

### Section 1983 Claim – Introductory Instruction

Plaintiff brings some of his claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## JURY INSTRUCTION NO. 17

### Section 1983 Claim against Defendant in Individual Capacity –

### Elements and Burden of Proof

In order to prevail on his Section 1983 claims for unreasonable seizure and violation of free speech against Defendant Lucas Gaytan, Plaintiff Felipe Hernandez must prove each of the following elements by a preponderance of the evidence:

1.  Defendant Lucas Gaytan acted under color of law; and

2.  The acts of Defendant Lucas Gaytan deprived Plaintiff Felipe Hernandez of his particular rights under the United States Constitution as explained in later instructions.

An act means an affirmative act, participation in another's affirmative act, or omitting to perform a legally required act.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

Defendant's conduct must be the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact

and proximate causation.  A proximate cause is one that was a substantial factor in bringing about the injury, so that the injury was the direct result or a reasonably probable consequence of the defendant's act.

If you find that Plaintiff has proven each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under the instructions I will give you later regarding violations of the Fourth Amendment and First Amendment, then your verdict should be for Plaintiff on that claim.

If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for Lucas Gaytan on that Section 1983 claim.

## JURY INSTRUCTION NO. 18

### Section 1983 Claim – Particular Rights: Fourth Amendment

### Unreasonable Seizure of Person - Generally

As previously explained, Plaintiff Felipe Hernandez has the burden of proving that the acts of Defendant Lucas Gaytan deprived him of particular rights under the United States Constitution.  In this case, Plaintiff alleges Defendant deprived him of his rights under the Fourth Amendment of the Constitution when Defendant arrested him on June 2, 2018.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Defendant deprived Plaintiff of his Fourth Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  Defendant seized Plaintiff's person;

2.  in seizing Plaintiff's person, Defendant acted intentionally; and

3.  the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force, or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not

have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

5. whether the officer advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, Plaintiff must prove that Defendant Lucas Gaytan intended to detain or arrest Plaintiff. It is not enough to prove that Defendant negligently or accidentally engaged in that action. But while Plaintiff must prove that Defendant intended to act, Plaintiff need not prove that Defendant intended to violate his Fourth Amendment rights.

## JURY INSTRUCTION NO. 19

### Section 1983 Claim – Particular Rights: Fourth Amendment

### Unreasonable Seizure of Person – Probable Cause Arrest

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

**California Penal Code § 148(a)(1)** states that the following is a crime: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician … in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars

($1,000), or by imprisonment in a county jail not to exceed one year, or by both

that fine and imprisonment."

**California Penal Code § 148(g)** states that the following is <u>not</u> a crime:

"The fact that a person takes a photograph or makes an audio or video recording of

a public officer or peace officer, while the officer is in a public place or the person

taking the photograph or making the recording is in a place he or she has the right

to be, does not constitute, in and of itself, a violation of California Penal Code §

148(a), nor does it constitute reasonable suspicion to detain the person or probable

cause to arrest the person."

## JURY INSTRUCTION NO. 20

<u>Section 1983 Claim – Particular Rights: First Amendment – "Citizen" Plaintiff</u>

As previously explained, Plaintiff Felipe Hernandez has the burden of proving that the acts of Defendant Lucas Gaytan deprived him of particular rights under the United States Constitution.  In this case, Plaintiff also alleges Defendant deprived him of his rights under the First Amendment of the Constitution when Defendant arrested him on June 2, 2018.

Under the First Amendment, a citizen has the right to freedom of speech. To prove the defendant deprived the plaintiff of his First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff was engaged in a constitutionally protected activity;

2. Defendant's actions against Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. Plaintiff's protected activity was a substantial or motivating factor in Defendant's conduct.

A substantial or motivating factor is a factor that a reasonable person would consider to have contributed to the harm.

## JURY INSTRUCTION NO. 21

## Causation – Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## JURY INSTRUCTION NO. 22

### Damages – Proof and Measures of Types of Damages

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of his claims, you must determine his damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

You should consider the following as to Plaintiff's damages:

1.  The nature and extent of the injuries; and

2.  The mental, physical, and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.  Because Plaintiff claims damages for violations of his federal constitutional rights, you must consider the specific injury from which any damages arise.

Plaintiff does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

## <u>JURY INSTRUCTION NO. 23</u>

### <u>Nominal Damages</u>

The law that applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## JURY INSTRUCTION NO. 24

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 25

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JURY INSTRUCTION NO. 26

### Return of Verdict

A verdict form has been prepared for you.  After you have reached

unanimous agreement on a verdict, your presiding juror should complete the

verdict form according to your deliberations, sign and date it, and advise the bailiff

that you are ready to return to the courtroom.